Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
ELIDIO LEONOR FERNANDO VILLEGAS and CELSO
FELIX GALVEZ, individually and on behalf of all others
similarly situated,

                             Plaintiffs,

           -against-

CJ'S MARKET INC, CKIM'S FRUIT & VEGETABLE INC, and
JEMI LEE KIM and CHUL JAE KIM, as individuals,

                           Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **ELIDIO LEONOR FERNANDO VILLEGAS and CELSO FELIX GALVEZ, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **ELIDIO LEONOR FERNANDO VILLEGAS and CELSO FELIX GALVEZ, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **CJ'S MARKET INC, CKIM'S FRUIT & VEGETABLE INC** (hereinafter referred to as "Corporate Defendants"), **and JEMI LEE KIM and CHUL JAE KIM, as individuals**, (hereinafter referred to as "Individual Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at CJ'S MARKET INC, located at 12-14 East Bedford Park Blvd, Bronx New York, 10468 and CKIM'S

1

FRUIT & VEGETABLE INC, located 75 East Kingsbridge Road, Bronx, New York, 10468.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ELIDIO LEONOR FERNANDO VILLEGAS, residing at 205 Perry Avenue, Bronx, New York, 10467, was employed from in or around November 2018 until in or around January 2021 by Defendants at CJ'S MARKET INC, located at 12-14 East Bedford Park Blvd, Bronx New York, 10468 and CKIM'S FRUIT & VEGETABLE INC, located 75 East Kingsbridge Road, Bronx, New York, 10468.
9. Plaintiff CELSO FELIX GALVEZ, residing at 204 Hull Avenue, Bronx, New York 10467, was employed from in or around March 2008 until in or around January 2020 by Defendants at CJ'S MARKET INC, located at 12-14 East Bedford Park Blvd, Bronx New York, 10468 and CKIM'S FRUIT & VEGETABLE INC, located 75 East Kingsbridge Road, Bronx, New York, 10468.

10. Defendant CKIM'S FRUIT & VEGETABLE INC, is a corporation organized under the laws of New York with a principal executive office at 75 E KINGSBRIDGE RD BRONX 10468
11. Defendant CKIM'S FRUIT & VEGETABLE INC., is a corporation authorized to do business under the laws of New York.
12. Defendant CJ'S MARKET INC is a corporation organized under the laws of New York with a principal executive office at 12-14 East Bedford Park Blvd, Bronx, New York, 10468.
13. Defendant CJ'S MARKET INC is a corporation authorized to do business under the laws of New York.
14. Upon information and belief, Defendant JEMI LEE KIM owns and operates Corporate Defendants.
15. Defendant is JEMI LEE KIM an agent of Corporate Defendants.
16. Upon information and belief, Defendant JEMI LEE KIM has power over personnel decisions at Corporate Defendants.
17. Upon information and belief, Defendant JEMI LEE KIM has power over payroll decisions at Corporate Defendants.
18. Defendant JEMI LEE KIM has the power to hire and fire employees at Corporate Defendants, establish and pay their wages, set their work schedule, and maintains their employment records.
19. Upon information and belief, Defendant CHUL JAE KIM owns and operates Corporate Defendants.
20. Defendant is CHUL JAE KIM an agent of Corporate Defendants.
21. Upon information and belief, Defendant CHUL JAE KIM has power over personnel decisions at Corporate Defendants.
22. Upon information and belief, Defendant JAIME KIM has power over payroll decisions at Corporate Defendants.
23. Defendant CHUL JAE KIM has the power to hire and fire employees at Corporate Defendants, establish and pay their wages, set their work schedule, and maintains their employment records.

24. During all relevant times herein, Defendant CHUL JAE KIM was Plaintiff's employer within the meaning of the FLSA and NYLL.
25. During all relevant times herein, Defendant JEMI LEE KIM was Plaintiff's employer within the meaning of the FLSA and NYLL.
26. At all times relevant hereto, the Corporate Defendants, CJ'S MARKET INC and CKIM'S FRUIT & VEGETABLE INC, were responsible for hiring the Plaintiffs.
27. At all times relevant hereto, Corporate Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).
28. At all times relevant hereto, the Corporate Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed and/or jointly employed Plaintiffs.
29. Defendants were jointly responsible for setting the terms and conditions of Plaintiffs' employment including work Plaintiffs.
30. Defendants were jointly responsible for determining the Plaintiffs' hours and pay for work Plaintiffs.
31. Defendants were jointly responsible for hiring and firing employees, including Plaintiffs.
32. Defendants were jointly responsible for the supervision of Plaintiffs' work.
33. On information and belief, CJ'S MARKET INC, is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.
34. On information and belief, CKIM'S FRUIT & VEGETABLE INC is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or

produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

35. As this complaint is being filed in April 2021, the relevant statutory period is in or around April 2015 until in or around January 2021.
36. Plaintiff ELIDIO LEONOR FERNANDO VILLEGAS was employed from in or around November 2018 until in or around January 2021 by Defendants at CJ'S MARKET INC and CKIM'S FRUIT & VEGETABLE INC.
37. During Plaintiff ELIDIO LEONOR FERNANDO VILLEGAS' employment by Defendants, Plaintiff's primary duties were as a stocker and performing other miscellaneous duties from in or around November 2018 until in or around January 2021.
38. Plaintiff ELIDIO LEONOR FERNANDO VILLEGAS was paid by Defendants approximately $700.00 per week from in or around November 2018 until in or around January 2021.
39. Plaintiff worked approximately seventy-eight (78) hours or more per week during his employment by Defendants from in or around November 2018 until in or around January 2021.
40. Although Plaintiff ELIDIO LEONOR FERNANDO VILLEGAS worked approximately seventy-eight (78) hours or more per week during his employment by from in or around November 2018 until in or around January 2021, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
41. Plaintiff CELSO FELIX GALVEZ was employed from in or around March 2008 until in or around January 2020 by Defendants at CJ'S MARKET INC and CKIM'S FRUIT & VEGETABLE INC.
42. During the relevant statutory period, Plaintiff CELSO FELIX GALVEZ's primary duties were as a stocker, while performing other miscellaneous duties from in or around April 2015 until in or around January 2020.

43. During the relevant statutory period, Plaintiff CELSO FELIX GALVEZ was paid by Defendants:
    a. approximately $600.00 per week from in or around April 2015 until in or around December 2015 and
    b. approximately $750.00 per hour from in or around January 2016 until in or around January 2020.
44. Plaintiff CELSO FELIX GALVEZ worked approximately seventy-eight (78) hours or more per week during the relevant statutory period.
45. Although Plaintiff CELSO FELIX GALVEZ worked approximately seventy-eight (78) hours or more per week during the relevant statutory period by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
46. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
47. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
48. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
50. Collective Class: All persons who are or have been employed by the Defendants as stockers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols

and plans including willfully failing and refusing to pay required overtime wage compensation.

51. Upon information and belief, Defendants employed between 20 and 30 employees within the past three years subjected to similar payment structures.

52. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

53. Defendants' unlawful conduct has been widespread, repeated, and consistent.

54. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

55. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

56. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

57. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

58. The claims of Plaintiffs are typical of the claims of the putative class.

59. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

60. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FIRST CAUSE OF ACTION**
**Overtime Wages Under The Fair Labor Standards Act**

7

61. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
62. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
63. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
64. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
65. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
66. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
67. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

68. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
69. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
70. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to

which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

71. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

72. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
73. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
74. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

75. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
76. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
77. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF
**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 2nd day of April 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIDIO LEONOR FERNANDO VILLEGAS and CELSO FELIX GALVEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

CJ'S MARKET INC, CKIM'S FRUIT & VEGETABLE INC, and JEMI LEE KIM and CHUL JAE KIM, as individuals,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**CJ'S MARKET INC**
**12-14 EAST BEDFORD PARK BLVD**
**BRONX, NEW YORK, 10468**

**JEMI LEE KIM**
**2805 MORRIS AVENUE**
**BRONX, NEW YORK 10468**

**CKIM'S FRUIT & VEGETABLE INC**
**75 EAST KINGSBRIDGE RD**
**BRONX, NEW YORK, 10468**

**CHUL JAE KIM**
**75 EAST KINGSBRIDGE RD**
**BRONX, NEW YORK, 10468**